UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOHNNY JONES,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:16-cv-00114-MMD-WGC

ORDER

## I. SUMMARY

Before the court are the petition for a writ of habeas corpus (ECF No. 4) and respondents' motion to dismiss (ECF No. 13). The court finds that the petition is completely unexhausted, and the court grants the motion.

## II. DISCUSSION

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam); Anderson v. Harless*, 459 U.S. 4, 6 (1982).

Respondents correctly argue that petitioner has not exhausted the available state-court remedies for any of his grounds in the petition. Both grounds for relief are claims of ineffective assistance of counsel. Petitioner did present claims of ineffective assistance

of counsel in a post-conviction habeas corpus petition filed in state district court. (Exh. 164, ECF No. 19-39).[1] The state district court denied that petition. (Exh. 191, ECF No. 20-12). When respondents filed their motion to dismiss, petitioner had not appealed the denial of his state petition. Petitioner has since appealed the decision, but the appeal still is pending in the Nevada Supreme Court. *Jones v. State*, No. 71766.[2] The petition is therefore completely unexhausted. Moreover, by not responding to the motion to dismiss, petitioner consents to the court granting it. *See* LR 7-2(d).

Reasonable jurists would not find the court's determination to be debatable or wrong, and the court will not issue a certificate of appealability.

Respondents have filed a motion for waiver of compliance with LR IA 10-3 (ECF No. 21). The court grants this motion.

### III. CONCLUSION

It is therefore ordered that respondents' motion for waiver of compliance with LR IA 10-3 (ECF No. 21) is granted.

It is further ordered that respondents' motion to dismiss (ECF No. 13) is granted. This action is dismissed without prejudice for petitioner's failure to exhaust his available state-court remedies. The clerk of the court will enter judgment accordingly and close this action.

It is further ordered that a certificate of appealability is denied.

DATED THIS 25th day of 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1]The court makes no statement whether the grounds in the current federal petition match the grounds in the state habeas corpus petition. The grounds are unexhausted not because the grounds in the federal petition do not match the grounds in the state petition, but because the Nevada Supreme Court has not yet decided the appeal.

[2]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=41988 (report generated August 24, 2017).